**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSALL DIVISION**

| | |
|---|---|
| KOJICAST, LLC, § § Plaintiff § § v. § § DAILYMOTION S.A., § § Defendant § | CIVIL ACTION NO. 2:18-cv-0146  **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Kojicast, LLC ("Kojicast") as and for its original complaint against defendant Dailymotion S.A. ("Defendant"), alleges as follows:

**THE PARTIES**

1. Kojicast, LLC is a Texas LLC having a principal place of business at 6220 Bentwood Trail #1705, Dallas, Collin County, Texas 75252.

2. Upon information and belief, Defendant Dailymotion S.A. is a French limited company (société anonyme) headquartered in Paris, France.

3. Upon information and belief, Defendant offers products, including those accused herein of infringement, to customers and/or potential customers located in Texas and elsewhere in the United States. Among other things, Defendant engages in marketing activities that promote the use of the Defendant's video delivery platform.

**JURISDICTION AND VENUE**

4. Kojicast brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b). Because Defendant is not a resident in the United States, it may be sued in any judicial district. Upon information and belief, Defendant has committed acts of infringement in this judicial district, and/or have purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in the State of Texas.

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas, and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## THE PATENTS-IN-SUIT

7. Kojicast is the owner of U.S. Patent No. 9,037,683 ("the '683 Patent"), entitled MEDIA ASSET STREAMING OVER NETWORK TO DEVICES that issued on April 29, 2015 and claims priority to an application filed on March 5, 2012. The first-listed inventor of the '683 Patent is Koji Yoden of Japan. A true and correct copy of the '683 Patent is attached as Exhibit A hereto.

8. The U.S. Patent and Trademark Office (USPTO) cited and considered more than seventy (70) references before it determined that the inventions in the Patent-in-Suit deserved patent protection. Among those references include patents and/or patent applications of Apple, Microsoft, Sony, LG, Comcast, AT&T, and Intel.

9. The claims of the patents-in-suit improve upon the functionality of existing systems that streamed media content to mobile device. These mobile devices had much smaller displays and speakers as compared to those of television sets or home audio systems. Accordingly, the invention solved the problem of enabling such media content that was otherwise streamed to these

mobile devices to be switched or cast to media playback devices associated with larger screens (e.g., a television) or a home audio system with larger and/or better speakers. With such a switch or cast of the media content from the mobile device to the media playback device, the media content could be streamed to the media playback device while still being controlled from the mobile device. And, one could also switch the streaming back from the media playback device to the mobile device.

10. The claims of the '683 Patent are novel and non-obviousness.

11. The '683 Patent is inventive over prior art.

12. The methods and operational capability recited in the claims of the '683 patent are not conventional or generic.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 9,037,683)

13. Kojicast incorporates by reference the above paragraphs.

14. Defendant has marketed its video delivery platform under its brand name "Dailymotion," as well as possibly other brand names. The following is discussion of the accused Dailymotion system. Dailymotion has apps for mobile communication devices, including an app for Apple IOS operating systems and an app for Android operating systems. The Dailymotion app supports casting features, enabling a user to watch a selected media content item on the mobile communication device or "casted" to one or more media playback devices.

15. Defendant has directly infringed, and continues to directly infringe one or more claims of the '683 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling one or more versions of the accused systems during the pendency of the '683 Patent.

16.     In addition, should the accused systems be found to not literally infringe the claims of the '683 Patent, the accused systems would nevertheless still infringe one or more claims of the '683 Patent, including at least Claim 1, under the doctrine of equivalents.  More specifically, the accused system performs substantially the same function (providing alternative viewing screens for viewing media content), in substantially the same way (via a software switch on a mobile phone) to yield substantially the same result (a changeable view of a streamed media content). Defendant would thus be liable for direct infringement under the doctrine of equivalents.

17.     Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '683 Patent, including at least Claim 1, in this judicial district and elsewhere in the Texas by, among other things, actively inducing the using, offering for sale, selling, and/or importing Defendant's systems. Defendant's customers who purchase and use such Dailymotion's app directly infringe one or more of the above identified claims of the '683 Patent in violation of 35 U.S.C. § 271.  Defendant directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- http://dai.ly/google-play
- http://dai.ly/itunes
- https://faq.dailymotion.com/hc/en-us/articles/115010348767-Our-Video-Player

18.     Defendant also indirectly infringed and continues to indirectly infringe one or more claims of the '683 Patent, including at least Claim 1, in this judicial district and elsewhere in the Texas by, among other things, contributing to the direct infringement by others including, without limitation customers use the accused systems, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination,

or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '683 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. For example, the accused systems are a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendant is therefore, liable for infringement under 35 U.S.C. § 271(c).

20. Defendant is on notice of the '683 Patent since, at the latest, the service of this complaint. By the time of trial, Defendant will have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of one or more claims of the '683 Patent, including at least Claim 1.

21. Defendant may have infringed the '683 Patent through other products, currently unknown to Kojicast, utilizing the same or reasonably similar functionality, including other versions of the accused systems. Kojicast reserves the right to discover and pursue all such additional infringing products.

22. Kojicast has been damaged by Defendant's infringement of the '683 Patent.

**PRAYER FOR RELIEF**

Kojicast requests that the Court enter judgment against Defendant as follows:

(A) that Defendant have infringed the '683 Patent;

(B) awarding Kojicast its damages suffered as a result of Defendant's infringement of the '683 Patent pursuant to 35 U.S.C. § 284;

(C) enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '683 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Kojicast its costs, attorneys' fees, expenses and interest; and

(E) granting Kojicast such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Kojicast hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: April 13, 2018                    Respectfully submitted,

                                                                      */s/ James L. Etheridge*

                                                                      James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

***Counsel for Plaintiff Kojicast***