**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KOJICAST, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAILYMOTION, SA,<br><br>Defendant. | CASE NO. 2:18-CV-00146-RWS |

**DEFENDANT DAILYMOTION, SA'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Dailymotion, SA, ("Dailymotion" or "Defendant"), by and through its undersigned attorneys, Kane Kessler, P.C. and Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C., answers the April 13, 2018 Complaint (the "Complaint") of Plaintiff Kojicast, LLC ("Plaintiff") as follows:

**ANSWER TO COMPLAINT**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 1 of the Complaint and therefore denies same.

2. Admits the allegations set forth in ¶ 2 of the Complaint.

3. Admits that the accused product is available for download in the United States and denies the remaining allegations set forth in ¶ 3 of the Complaint.

4. Admits that this is an action for patent infringement and does not respond to the remaining allegations set forth in ¶ 4 of the Complaint as those allegations aver legal conclusions to which no answer is required.

5. Denies the allegations set forth in ¶ 5 of the Complaint.

6. Denies the allegations set forth in ¶ 6 of the Complaint.

7. Admits upon information and belief that the United States Patent and Trademark Office issued US Patent No. 9,037,683 ("the '683 patent") on May 19, 2015, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in ¶ 7 of the Complaint and therefore denies same.

8. The documents of the prosecution history of the '683 patent speak for themselves, and otherwise denies the allegations set forth in ¶ 8 of the Complaint.

9. Denies the allegations set forth in ¶ 9 of the Complaint.

10. Denies the allegations set forth in ¶ 10 of the Complaint.

11. Denies the allegations set forth in ¶ 11 of the Complaint.

12. Denies the allegations set forth in ¶ 12 of the Complaint.

13. Repeats and realleges responses 1-12 above as if fully set forth herein.

14. Admits the allegations set forth in ¶ 14 of the Complaint.

15. Denies the allegations set forth in ¶ 15 of the Complaint.

16. Denies the allegations set forth in ¶ 16 of the Complaint.

17. Denies the allegations set forth in ¶ 17 of the Complaint.

18. Denies the allegations set forth in ¶ 18 of the Complaint.

19. Denies the allegations set forth in ¶ 19 of the Complaint.

20. Denies the allegations set forth in ¶ 20 of the Complaint.

21. Denies the allegations set forth in ¶ 21 of the Complaint.

22. Denies the allegations set forth in ¶ 22 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

24. The claims set forth in the Complaint are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

25. The alleged invention as set forth in the ’683 patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the ’683 patent, and consequently all claims of the ’683 patent are invalid under 35 U.S.C. § 102.

## FOURTH AFFIRMATIVE DEFENSE

26. The alleged inventor of the ’683 patent is not the first inventor of the claimed subject matter of the ’683 patent and consequently all claims of the ’683 patent are invalid under 35 U.S.C. § 102.

**FIFTH AFFIRMATIVE DEFENSE**

27. The alleged invention of the ’683 patent was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country more than one year prior to the date of the application for the ’683 patent in the United States, and consequently all claims of the ’683 patent are invalid under 35 U.S.C. § 102.

**SIXTH AFFIRMATIVE DEFENSE**

28. The alleged invention of the ’683 patent was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the ’683 patent, and consequently all claims of the ’683 patent are invalid under 35 U.S.C. § 102.

**SEVENTH AFFIRMATIVE DEFENSE**

29. The differences, if any, between the subject matter of the ’683 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter pertains, and consequently all claims of the ’683 patent are invalid under 35 U.S.C. § 103.

**EIGHTH AFFIRMATIVE DEFENSE**

30. That by reason of:

a. the prior art and the prosecution history in the United States Patent and Trademark Office in connection with the ’683 patent and leading up to the grant of the ’683 patent;

b. the admissions and representations made therein by or on behalf of the applicant to induce the grant of the '683 patent;

c. the prior art; and

d. the statements and representations made in the specification of the '683 patent;

Plaintiff is estopped from construing or interpreting the scope of all claims of the '683 patent to cover any manufacture, use, testing, selling, or offering for sale of any devices by Defendant.

## **NINTH AFFIRMATIVE DEFENSE**

31. The alleged invention of the '683 patent in general and as recited in the claims thereof is merely an abstract idea without any inventive concept and merely recites well-understood, routine, and conventional limitations at a high level of generality, and consequently all claims of the '683 patent are invalid under 35 U.S.C. §§ 101 as reciting ineligible subject matter.

## **TENTH AFFIRMATIVE DEFENSE**

32. This Court lacks personal jurisdiction over Defendant.

## **ELEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiffs' Complaint must be dismissed for improper venue and/or this action should be transferred based on the doctrine of *forum non-conveniens*.

**WHEREFORE**, Defendant respectfully requests that (i) the Complaint be dismissed in its entirety and with prejudice; (ii) that the '683 patent be declared invalid, unenforceable, and not infringed; (iii) that the Court deem Plaintiff's conduct in bringing this lawsuit in the first place to merit designating this to be an exceptional case, and (iv) the Court award Defendant the costs, disbursements, and attorneys' fees of this action together with such other, further, and different relief as to the Court seems just and proper.

Dated: August 20, 2018

KANE KESSLER, P.C.

/s/ Barry E. Negrin
Barry Evan Negrin
New York Bar No. 20213950
666 Third Avenue
New York, NY 10017
Tel: (212) 541-6222
Fax: (212) 245-3009
E-mail: bnegrin@kanekessler.com

MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.

Ryan T. Beard
1120 S. Capital of Texas Highway
Building 2, Suite 300
Austin, Texas 78746
Tel: 512-853-8833
Fax: 512-853-8801
E-mail: rbeard@intprop.com

*Attorneys for Defendant Dailymotion SA*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/* Barry E. Negrin